COUNTY OFFICERS — INCREASE IN MINIMUM SALARY Where the net valuation or population of a county changes, an increase in minimum salary for Class A and B officers is permissible, in accordance with 19 O.S. 180.64 [19-180.64](A) (1975), if the increase does not exceed twenty percent (20%) of the compensation payable to the holder of that office as determined from the county assessor's certificate as to county valuation filed in 1973 with the county excise board, until the first Monday in January, 1979, for Class A officers and until the first Monday in July, 1979, for Class B officers, at which time there is no limitation as to an increase in minimum salary. Furthermore, the increase in minimum salary between a Class (F) and Class (G) county does not exceed twenty percent (20%), as above outlined, and would, therefore, be allowable. The Attorney General is in receipt of your letter wherein you ask, in essence, the following question: Pursuant to 19 O.S. 180.64 [19-180.64](A) (1975), may Class A and B officers receive an increase in minimum salary where the net valuation of a county has increased so as to change its previous classification if the increase in minimum salary would not exceed twenty percent (20%) of the compensation payable to the holder of the office as determined from the county assessor's certificate as to county valuation filed in 1973 with the county excise board ? Your letter further reflects that LeFlore County had a valuation in 1973 of $25,713,098.00 and a population in excess of 20,000. Further, that the 1976 certificate as to county evaluation exceeded $30,000,000.00, the population remaining in excess of 20,000. It should be noted by way of background that 19 O.S. 180.62 [19-180.62] (1975), sets forth the basic salaries of all Class A and B officers in the respective counties. Further, that 19 O.S. 180.63 [19-180.63], sets forth the formulas to effect an increase in the basic salaries in the various counties by considering factors of population and net valuation. Section 180.64A then provides the minimum salaries for all Class A and B officers of the various counties in accordance with the enumerated net valuation and population formulas set forth in the section. In accordance with your information, the 1973 net valuation and population of LeFlore County would have placed LeFlore County in subparagraph (f) of 19 O.S. 180.64 [19-180.64](A), which provides as follows: "(f) In every county having a net valuation of all tangible, taxable property as defined in 19 O.S. 180.58 [19-180.58] and 19 O.S. 180.59 [19-180.59] of this title, of more than Twenty-five Million Dollars ($25,000,000.00) and a population of more than twenty thousand ($20,000), the minimum salary for the sheriff and the minimum salaries of all other Group `A' officers shall be Nine Thousand Seven Hundred Sixty-eight Dollars ($9,768.00) per annum, payable monthly. The minimum salaries for all Group `B' officers shall be Seven Thousand Three Hundred Ninety-two Dollars ($7,392.00) per annum, payable monthly. Further, as indicated in your letter, the 1976 net valuation with the same population figure would have changed the classification of LeFlore County so that it would come under the provisions of subparagraph (g) of 19 O.S. 180.64A [19-180.64A], which provides as follows: "(g) In every county having a net valuation of all tangible, taxable property as defined in 19 O.S. 180.58 [19-180.58] and 19 O.S. 180.59 [19-180.59] of this title, of more than Thirty Million Dollars ($30,000,000.00) and a population of more than twenty thousand (20,000), the minimum salary of the sheriff and the minimum salaries for all other Group `A' officers shall be Ten Thousand Thirty-two Dollars ($10,032.00) per annum, payable monthly. The minimum salary for all Group `B' officers shall be Seven Thousand Six Hundred Fifty-six Dollars ($7,656.00) per annum, payable monthly. As can be determined from the above provisions, the change in classification would result in an increase of $264 per annum for both Class A and B officers unless otherwise prohibited by law. Your question further requires examination of subparagraph (j) of 19 O.S. 180.64A [19-180.64A], which provides as follows: "(j) No Group `A' county officer, prior to the first Monday in January, 1979, and no Group `B' county officer, prior to the first Monday in July, 1979, shall receive a salary which exceeds, by more than twenty percent (20%), the compensation payable to the holder of his office as determined from the county assessor's certificate as to county valuation filed in 1973 with the county excise board." Subparagraph (j) above quoted was added to 19 O.S. 180.64A [19-180.64A] by amendment of that Section in 1974. By emergency provision the amendments became effective April 19, 1974. It is a long established rule in Oklahoma that new legislation is prospective only unless the legislative intent for a retroactive effect is clearly set forth. There being no specific language or other wording in the 1974 amendments generally, and none in subsection (j) specifically, it is, therefore, clear that the Section shall be prospective in effect and not retroactive. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Where the net valuation or population of a county changes, an increase in minimum salary for Class A and B officers is permissible, in accordance with 19 O.S. 180.64 [19-180.64](A) (1975), if the increase does not exceed twenty percent (20%) of the compensation payable to the holder of that office as determined from the county assessor's certificate as to county valuation filed in 1973 with the county excise board, until the first Monday in January, 1979, for Class A officers and until the first Monday in July, 1979, for Class B officers, at which time there is no limitation as to an increase in minimum salary. Furthermore, the increase in minimum salary between Class (F) and Class (G) county does not exceed twenty percent (20%), as above outlined, and would, therefore, be allowable. (JAMES H. GRAY) (ksg)